**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 27 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| REDALE BENTON-FLORES, | No. 22-56213 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-06424-JFW-SP |
| v. | |
| SANTA BARBARA UNIFIED SCHOOL DISTRICT, | MEMORANDUM* |
| Defendant-Appellee, | |
| and | |
| MICHELLE ROBINSON, Program Administrator, individual and official capacity; ELSIE GERMAN, Former Gen Education Teacher, individual and official capacity; ERIN CAVAZOS, Preschool Teacher, individual and official capacity; MONICA HURTADO, Teacher's Aide, individual and official capacity; ANN M. PEAK, Personnel Coordinator, | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted February 21, 2024[**]

Before:   FERNANDEZ, NGUYEN, and OWENS, Circuit Judges.

ReDale Benton-Flores appeals pro se from the district court's judgment dismissing her employment action alleging violations of Title VII. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Puri v. Khalsa*, 844 F.3d 1152, 1157 (9th Cir. 2017). We affirm.

The district court properly dismissed Benton-Flores's claims of hostile work environment, discrimination, and retaliation because Benton-Flores failed to allege facts sufficient to state a plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)); *Vasquez v. County of Los Angeles*, 349 F.3d 634, 640-46 (9th Cir. 2003) (setting forth elements of a prima facie case for Title VII discrimination, hostile work environment, and retaliation claims).

The district court did not abuse its discretion by denying Benton-Flores's motion to compel discovery. *See Hallett v. Morgan,* 296 F.3d 732, 751 (9th Cir. 2002) (setting forth standard of review and explaining that a district court's

---

[**]   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

discovery rulings "will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant" (citation and internal quotation marks omitted)).

Benton-Flores's request to change the name of a party (Docket Entry No. 14) is denied.

**AFFIRMED.**